

DA 11-0192

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 140N

IN RE THE MARRIAGE OF
DAVID W. JOHNSON,

   Petitioner, Appellee and Cross-Appellant.

 and

MARY E. JOHNSON, n/k/a MARY E. BLACK,

   Respondent and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,
      In and For the County of Cascade, Cause No. DDR 03-226
      Honorable Katherine M. Irigoin, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Daniel J. Flaherty, Attorney at Law; Great Falls, Montana

   For Appellee:

     Joan E. Cook, Attorney at Law; Missoula, Montana

         Submitted on Briefs: April 17, 2012

             Decided: July 3, 2012

Filed:

    _____
          Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Mary E. Johnson, n/k/a Mary E. Black (Mary) and David W. Johnson (David) were married on June 12, 1993. In May 2003, David filed a petition for dissolution and in June 2003 the parties entered a Settlement Agreement, which distributed the marital estate. Mary was served and defaulted. A decree of dissolution was entered on June 23, 2003, incorporating the provisions of the parties' Settlement Agreement and finding it was not unconscionable. The decree stated that "there are no minor children of the parties hereto, and [Mary] is not pregnant at this time."

¶3     In 2007, Mary filed an action to set aside the decree, alleging that David had failed to disclose and list properties in the Settlement Agreement, and requesting that the marital estate be re-distributed. On November 25, 2008, in response to Mary's motion for summary judgment, the Eighth Judicial District Court, Hon. Dirk M. Sandefur presiding, entered an order setting aside the marital property division. The court concluded that the underlying default judgment and decree had been entered "without requiring compliance with the final disclosure and certification requirements of §§ 40-4-253(1) and 40-4-254, MCA, and without good cause for waiver. Therefore, as a matter of law, the underlying property rights judgment was void *ab initio* in contravention of § 40-4-254, MCA." The court further concluded that David "knowingly failed to disclose material items of property and assets" and made affirmative misrepresentations to Mary to induce an uncontested judgment, which "constitute[d] extrinsic fraud sufficient to

1

warrant setting aside of the resulting void property rights judgment as a matter of equity in order to fairly and properly account for, value, characterize, and equitably distribute the undisclosed property and assets in consideration of the parties' prior settlement agreement." The court denied Mary's motion for an award of undisclosed properties as a matter of law, and ordered further proceedings.

¶4 The matter was heard before the District Court, Hon. Katherine M. Irigoin presiding, on October 27 and 28, 2010. The District Court emphasized that the proceeding before the court "related only to <u>undisclosed</u> property." (Emphasis in original.) The status of numerous properties was contested by the parties, including whether the properties had been disclosed or sufficiently disclosed in the Settlement Agreement. The court entered findings of fact, conclusions of law and a decree of distribution. The court categorized the properties as David's pre-marital disclosed property, David's pre-marital undisclosed property, marital property equitably divided by the Settlement Agreement, and marital property not disclosed by the Settlement Agreement, which was subject to equitable distribution. The court determined that "Mary presented no reliable evidence of the existence or value of business money, securities, cabin furnishings, personal property (including farm and ranch property and equipment), or a lot worth $50,000 in Cascade County"; "provided no evidence of 1993 baseline values of David's pre-marital assets"; and "presented no evidence of the value or percentage of her contributions to any increase in value of pre-marital assets" except for the residence, for which Mary was awarded half of the value of the improvements. The court ultimately determined that Mary was entitled to a total payment in the sum of $69,948.65 for the value of undisclosed assets, with interest thereon at 10 percent per annum from June 23, 2003. The court ordered each party to bear his or her own attorney fees and costs.

2

¶5 The court gave brief mention to frozen embryos the parties had prepared for purposes of in vitro fertilization, stating that Mary testified that she should receive the embryos and that David testified that he objected to Mary receiving the embryos and requested they be donated to science. The court ordered that they be donated to science.

¶6 On appeal, Mary challenges the District Court's property distribution and assessment of attorney fees. David cross-appeals the District Court's determination to grant Mary some of his pre-marital property. Mary relies primarily upon the provisions of the Settlement Agreement, arguing that she was entitled to one-half of the value of all properties not disclosed in the Agreement, including David's pre-marital properties, and payment of her attorney fees, as a matter of law. However, in voiding the original judgment, the District Court noted that "neither party served a final disclosure" as required by statute and acted in equity to order further proceedings to "value, characterize, and equitably distribute the undisclosed property and assets in consideration of the parties' prior settlement agreement." The court denied Mary's motion to an award of undisclosed assets as a matter of law. Thus, even though the Settlement Agreement was a relevant consideration, the valuation and characterization of the property of the estate remained central issues in the subsequent proceedings. Mary failed in various respects in the subsequent proceedings to sufficiently take up these evidentiary questions, and thus failed to carry her burden of proof on many property issues and the attendant issue of attorney fees. We further conclude the District Court did not err in awarding some of David's pre-marital property to Mary.

¶7 Mary also challenges the District Court's order donating the parties' embryos to science. The court's order consisted of a single sentence with no analysis. Exhibit A to the parties' original Settlement Agreement stated, in part: "The parties acknowledge that they have

contractual relations with Midwest Reproductive Medicine. Their agreement is governed by the terms of that specific contract signed by Mary E. Johnson on November 20, 1999, and David W. Johnson on November 11, 1999." The contract with Midwest Reproductive Medicine referenced here is not included in the record of this case. An email message in the record purports to set forth two provisions taken from an "unsigned copy of the 'Midwest Reproductive Medicine Embryo Cryopreservation Consent.'"

¶8 As noted above, this proceeding was ordered in equity to address only the classification, valuation, and distribution of marital property not disclosed in the parties' Settlement Agreement. The asserted reproductive contract was disclosed in the Settlement Agreement, which states that the parties' rights regarding the embryos are "governed by the terms of that specific contract." However, that governing contract is not part of the record, and this issue was not ordered to be a part of this proceeding. Disposition of embryos raises potentially complex issues, including those related to the parties' contract. *See In re Marriage of Witten*, 672 N.W.2d 768, 771-83 (Iowa 2003). We conclude that the embryo issue is not properly before the courts within this proceeding. We reverse the District Court's order donating the embryos to science and leave the issue to be addressed in the appropriate proceeding.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Except for those related to the embryo issue, the District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted. Judicial discretion related to the distribution of marital property was properly exercised without an abuse of discretion.

4

¶10    Affirmed in part, reversed in part, and remanded for entry of an amended decree consistent with this Opinion.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER